

Case No. SACV 11-0175 DOC (RZx)                                             Date: July 15, 2011

Title: STEPHEN E. SAYLOR v. UNUM LIFE INSURANCE COMPANY OF AMERICA; ADESTA, LLC.

PRESENT:

THE HONORABLE DAVID O. CARTER, JUDGE

| Julie Barrera | Not Present |
|---|---|
| Courtroom Clerk | Court Reporter |

ATTORNEYS PRESENT FOR PLAINTIFFS:   ATTORNEYS PRESENT FOR DEFENDANT:

NONE PRESENT                                   NONE PRESENT

PROCEEDING (IN CHAMBERS): GRANTING DEFENDANT'S MOTION TO DISMISS

      Before the Court is defendant Adesta, LLC ("Adesta")'s Motion to Dismiss pursuant to Federal Rule 12(b)(6) (Docket 7). The Court has considered the moving, opposing[1], and replying papers, and GRANTS Adesta's Motion.

## I.    Factual Background

      For the purposes of this Motion, the Court accepts as true the facts alleged in the Complaint. On January 4, 2010, Stephen E. Saylor ("Plaintiff") was employed by Adesta, and enrolled his wife in Adesta's employee benefit plan ("the Plan"). Plaintiff's Complaint ("Compl.") ¶¶ 20-24. The Plan was subject to the Employee Retirement Income Security Act of 1979 ("ERISA"), 29 U.S.C. § 1001 *et seq.*, and included a life-insurance policy provided by defendant UNUM Life Ins. Co. of America ("UNUM"). *Id.* at ¶¶ 10, 17. Plaintiff purchased the Plan's "Additional Life Insurance

---

[1] The Court notes that Plaintiff's Opposition was untimely filed as it was due no later than March 28, 2011, but was filed on March 31, 2011 (Docket 11). The Court orders Plaintiff's counsel to familiarize himself with the rule governing deadlines in this Court. *See* Local Rule 7-9. Despite this tardiness, the Court has considered the late Opposition in issuing this Order. It will not do so again.

Coverage" on the life of his wife, in the sum of $150,000, with coverage beginning on March 1, 2010. *Id.* at ¶ 24. Plaintiff was the designated beneficiary of the life insurance coverage. *Id.* at ¶ 25.

Plaintiff alleges that on February 26, 2010, Adesta created an "Adesta Confirmatory Statement" stating that $83.088 per pay period would be deducted from Plaintiff's wages to pay for his wife's life insurance coverage. *Id.* at ¶ 26. The confirmation incorrectly noted that the life insurance benefit was $50,000 rather than $150,000. *Id.* at ¶ 27. Plaintiff contacted Adesta, and Adesta corrected the mistake around April 16, 2010. *Id.* at ¶ 29. That same day, Adesta created a new "Adesta Confirmatory Statement" stating that $117.708 per pay period would be deducted from Plaintiff's wages for the cost of the insurance. *Id.* at ¶ 31. Plaintiff alleges that Adesta deducted the premium from May 1, 2010 through July 31, 2010, and that Adesta's actions caused Plaintiff and his wife to reasonably believed that the $150,000 insurance policy was in effect. *Id.* at ¶¶ 39, 42.

Plaintiff's wife passed away on July 22, 2010. *Id.* at ¶ 44. On August 11, 2010, Plaintiff submitted an insurance claim for $150,000 to Adesta, who forwarded it to UNUM. *Id.* at ¶ 45. UNUM approved $50,000 of the claim on August 31, 2010, but denied the remaining $100,000. *Id.* at ¶ 46. Plaintiff appealed in December, 2010, but UNUM affirmed its denial. *Id.* at ¶¶ 47-48.

On January 31, 2011, Plaintiff filed a Complaint in this Court against UNUM and Adesta (Docket 1). Plaintiff brought two claims: Failure to Pay Benefits Due against UNUM, and Negligent Misrepresentation against Adesta. *Id.* at ¶¶ 1, 3, 8.

Adesta filed the present Motion on March 18, 2011, arguing that Plaintiff's Negligent Misrepresentation claim is preempted by ERISA and, therefore, Plaintiff's complaint against it should be dismissed pursuant to Federal Rule 12(b)(6). Defendant's Motion to Dismiss ("Mot.") 1.

## II. Legal Standard

Under Federal Rule of Civil Procedure 12(b)(6), a complaint must be dismissed when a plaintiff's allegations fail to state a claim upon which relief can be granted. Dismissal for failure to state a claim does not require the appearance, beyond a doubt, that the plaintiff can prove "no set of facts" in support of its claim that would entitle it to relief. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 561 (2007) (abrogating *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)). In order for a complaint to survive a 12(b)(6) motion, it must state a claim for relief that is plausible on its face. *Ashcroft v. Iqbal*, __ U.S. __, 129 S.Ct. 1937, 1950 (2009). A claim for relief is facially plausible when the plaintiff pleads enough facts, taken as true, to allow a court to draw a reasonable inference that the defendant is liable for the alleged conduct. *Id.* at 1949. If the facts only allow a court to draw a reasonable inference that the defendant is possibly liable, then the complaint must be dismissed. *Id.* Mere legal conclusions are not to be accepted as true and do not establish a plausible claim for relief. *Id.* at 1950. Determining whether a complaint states a plausible claim for relief will be a context-specific task requiring the court to draw on its judicial experience and common sense. *Id.*

Dismissal without leave to amend is appropriate only when the Court is satisfied that the deficiencies in the complaint could not possibly be cured by amendment. *Jackson v. Carey*, 353 F.3d 750, 758 (9th Cir. 2003) (citing *Chang v. Chen*, 80 F.3d 1293, 1296 (9th Cir. 1996)); *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000). Rule 15 of the Federal Rules of Civil Procedure mandates that leave to amend be freely given whenever justice requires. This policy is applied with "extraordinary liberality." *Morongo Band of Mission Indians v. Rose*, 893 F.2d 1074, 1079 (9th Cir. 1990).

## III. Discussion

Through ERISA, Congress intended to provide a uniform body of federal law governing employee benefit plans. *See Pilot Life Ins. Co. v. Dedeaux*, 481 U.S. 41, 46 (1987), *overruled on other grounds by Ky. Ass'n of Health Plans, Inc. v. Miller*, 538 U.S. 329 (2003). To accomplish this, ERISA contains two sections with "powerful preemptive force." *Cleghorn v. Blue Shield of California*, 408 F.3d 1222, 1225 (9th Cir. 2005). First, ERISA Section 514(a), or "express preemption," explicitly preempts any and all state laws insofar as they may now or hereafter relate to any employee benefit plan, with the exception of state laws that regulate insurance, banking, or securities. *See id.* (citing 29 U.S.C. §§ 1144(a), 1144(b)(2)(A)). In light of Congress' intent, this preemption provision is read broadly. *See Pilot Life*, 481 U.S. at 46.

ERISA's second preemption doctrine, Section 502(a) or "conflict preemption," "contains a comprehensive scheme of civil remedies to enforce ERISA's provisions." *Cleghorn* 408 F.3d at 1225 (citing 29 U.S.C. § 1132(a)). "A state cause of action that would fall within the scope of this scheme of remedies is preempted as conflicting with the intended exclusivity of the ERISA remedial scheme, even if those causes of action would not necessarily be preempted by section 514(a)." *Id.* (citing *Aetna Health Inc. v. Davila,* 542 U.S. 200, 214 n.4 (2004)).

Adesta argues that Plaintiff's state-law claim for Negligent Misrepresentation is preempted by Section 514(a) because the claim "relates to" Adesta's employee benefit plan. Mot. 4. Plaintiff contends that his common-law claim "does not arise out of a state law that directly or indirectly 'relates to' an employee benefit law" and, therefore, ERISA § 514(a) does not apply. Plaintiff's Opposition ("Opp'n") 5.

For purposes of Section 514(a), a common law claim "relates to" an employee benefit plan governed by ERISA "if it has a connection with or reference to such a plan." *Ingersoll-Rand Co. v. McClendon,* 498 U.S. 133, 139 (1990) (citation omitted). Sufficient "reference" exists to support preemption if a claim is premised on the existence of an ERISA plan, and the existence of the plan is essential to the claim's survival. *See id.* at 140. The Ninth Circuit has further articulated this standard, holding that a claim "falls under ERISA's far-reaching preemption clause" when the "underlying theory of the case revolves around the denial of benefits." *Tingey v. Pixley-Richards West, Inc.*, 953 F.2d 1124, 1131 n.2 (9th Cir. 1992). In applying this standard, Courts in the Ninth Circuit have consistently held that ERISA preempts

common-law contract claims arising from employee benefit plans.  *See, e.g., Kanne v. Conn. Gen. Life Ins. Co.*, 867 F.2d 489, 494 (9th Cir. 1988) (finding that ERISA preempted employee's claim against insurer for breach of contract because it was premised on improper processing of benefits claim); *Cantrell v. Great Republic Ins. Co.*, 873 F.2d 1249, 1253 (9th Cir. 1989) (holding that ERISA preempted insured's action against insurers for breach of covenant of good faith and fair dealing because it was premised on the rescission of the group insurance policy).

Given the Supreme Court's instruction that Section 514(a) is to be construed broadly, it is clear that Plaintiff's claim "relates to" Adesta's employee benefit plan.  *See Pilot Life*, 481 U.S. at 46.  The Ninth Circuit's decision in *Olson* is instructive.  *Olson v. Gen. Dynamics Corp.*, 960 F.2d 1418 (9th Cir. 1991).  In *Olson*, the Court affirmed the District Court's decision that a plaintiff's fraud claim related to an employee benefit plan.  *Id.* at 1421.  In essence, the plaintiff claimed that, upon retirement, he received benefits that were "considerably less than the benefits [the defendants] led him to believe he would receive," or, in other words, Plaintiff argued "that he should be receiving a level of benefits which he is not."  *Id.*  The Court affirmed the District Court's conclusion that such a claim "has a connection with" and makes "reference to" a benefit plan, and is thus preempted by ERISA § 514(a).

Plaintiff's Negligent Misrepresentation claim is essentially the same as the claim in *Olson;* both plaintiffs claim that they received considerably less benefits than the defendants led them to believe.  *See id.*  Indeed, "the Ninth Circuit has held specifically that state common law claims for misrepresentation are preempted by ERISA where such misrepresentations are related to entitlements under employee health benefit plans."  *St. Mary Med. Ctr. v. Cristiano*, 724 F. Supp. 732, 739 (C.D. Cal. 1989) (citing *Scott v. Gulf Oil Corp.,* 754 F.2d 1499, 1504, 1506 (9th Cir. 1985); *Blau v. Del Monte Corp.,* 748 F.2d 1348, 1356-57 (9th Cir. 1985)) (holding that plaintiff's claim for negligent misrepresentation was preempted because it was a claim for "benefits [plaintiff] allege[d] she should have been awarded").  Accordingly, Plaintiff's claim for Negligent Misrepresentation is preempted.

The remainder of Plaintiff's Opposition argues that Plaintiff's claim is not preempted by Section 502(a).  *See* Opp'n 5-13.  Because the Court finds Plaintiff's claim preempted under Section 514(a), it need not address complete preemption under Section 502(a).

## IV.   Disposition

For the foregoing reasons, Adesta's Motion to Dismiss is GRANTED WITH PREJUDICE.  The Complaint is dismissed as to Adesta.  Adesta's concurrent Motion to Strike (Docket 6) is DENIED as MOOT.

The Clerk shall serve this minute order on all parties to the action.